UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNER MELTON,

    Petitioner,

v.                                         Civil No. 2:07-CV-13289

DOUG VASBINDER,

    Respondent,
                                            /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Lonner Melton, presently incarcerated at the Huron Valley Men's Complex in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree criminal sexual conduct,[1] assault with intent to murder,[2] armed robbery,[3] and felony-firearm.[4] Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).[5] Petitioner has filed a response to the motion for

---

[1] Mich. Comp. Laws § 750.520b; Mich. Stat. Ann. 28.788 (2).

[2] Mich. Comp. Laws § 750.83; Mich. Stat. Ann. 28.278.

[3] Mich. Comp. Laws § 750.529; Mich. Stat. Ann. 28.797.

[4] Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

[5]Respondent seeks a dismissal of the petition but has filed a motion for summary judgment. Although Respondent's motion would have been more appropriately entitled a motion to dismiss, the court will refer to the motion as it was filed, as a motion for summary judgment.

summary judgment. For the reasons stated below, Respondent's motion will be granted and the petition for writ of habeas corpus will be dismissed pursuant to 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND

Petitioner was convicted of the above offenses in the Detroit Recorder's Court and was sentenced to prison on July 12, 1983. Petitioner's direct appeals with the Michigan courts ended on December 17, 1985, when the Michigan Supreme Court denied Petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Melton,* No. 76966 (Mich. 1985).

Petitioner filed several post-conviction pleadings with the trial and appellate courts in 1987 and 1991. The last of these post-conviction proceedings, Petitioner's first motion for relief from judgment, concluded on May 29, 1992, when the Michigan Supreme Court denied Petitioner's post-conviction appeal. *People v. Melton,* 485 N.W. 2d 521 (Mich. 1992).

On November 22, 2004, Petitioner filed a second motion for relief from judgment, pursuant to M.C.R. 6.500, *et. seq.* After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction application, post-conviction review ended on November 29, 2006, when the Michigan Supreme Court denied leave to appeal pursuant to M.C.R. 6.508(D). *People v. Melton,* 723 N.W. 2d 878 (Mich. 2006). The instant petition was signed and dated July 13, 2007.[6] The petition was originally filed in

---

[6] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on July 13, 2007, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

2

the United States District Court for the Western District of Michigan and was ultimately transferred to this court, for reasons of venue, on August 1, 2007.

## II. DISCUSSION

### A. The Habeas Petition

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

In the present case, the direct appeal of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on December 17, 1985. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one year limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on February 11, 1986, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). However, because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

Petitioner filed several post-conviction motions with the Michigan courts in 1987 and 1991, with the last post-conviction application ending on May 29, 1992, when the

Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his first post-conviction motion for relief from judgment.

Because all of these motions for state post-conviction relief were denied prior to the AEDPA's enactment date of April 24, 1996, Petitioner was still given one year from that date, that is, no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *Miller v. Marr*, 141 F. 3d 976, 977 (10th Cir. 1998); *Davis v. Stegall,* 2003 WL 1867920, * 2 (E.D. Mich. March 17, 2003).

Petitioner filed his second post-conviction motion for relief from judgment with the state courts on November 22, 2004, after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. App'x. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001). The instant petition is therefore untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due

5

diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

In the petition for writ of habeas corpus, Petitioner offers several justifications for the untimely filing of his habeas petition.[7]

Petitioner first claims that his lack of knowledge of the law made him unaware of the AEDPA's filing requirements. Petitioner argues that he did not know until recently that he could even go to the federal courts to seek relief from his state court convictions. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). In addition, the fact that Petitioner was unaware that he could file a petition for writ of habeas corpus to challenge his state court convictions would not justify equitable tolling. The Sixth Circuit has rejected a similar argument, holding that a federal defendant's ignorance about filing a § 2255 motion to vacate sentence did not toll the AEDPA's limitations period. *See Reed v. United States,* 13 Fed. App'x. 311, 313 (6th Cir. 2001). Finally, equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of Petitioner's alleged lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded Petitioner constructive knowledge of the filing deadline. *See Allen v. Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004). In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling.

---

[7] *See* Petition for Writ of Habeas Corpus, ¶¶ 13(c), 19.

*Id.*

Petitioner further contends that his blindness from glaucoma should justify equitable tolling of the limitations period. Petitioner's blindness does not justify equitable tolling, as it does not establish that Petitioner lacked knowledge of the filing requirement, that he was diligent in pursuing his rights, or that Respondent would not be prejudiced by the delay in the filing of the petition. *See Smith v. Beightler,* 49 Fed.App'x. 579, 580-81 (6th Cir. 2002). In particular, Petitioner cannot show due diligence, when he waited over twelve years following the denial of his first post-conviction motion by the Michigan Supreme Court in 1992 before filing his second motion for relief from judgment in 2004. *Id.* Because Petitioner has not shown how his physical impairment excuses this lapse of diligence, he is not entitled to equitable tolling of the limitations period. *Id.*

In his response to the motion for summary judgment, Petitioner makes two additional arguments in opposition to Respondent's motion. Petitioner first contends that the motion for summary judgment should be denied, because Respondent failed to comply with this court's order of responsive pleadings by responding to the merits of the claims raised by Petitioner in his habeas application. However, in light of the fact that Petitioner is clearly time-barred by the statute of limitations, Respondent's reliance on an apparent complete statute of limitations defense to the petition was a reasonable alternative to answering the petition on the merits. *See Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004).

Petitioner further contends that Respondent has failed to file the Rule 5 materials in this case. The court notes, however, that Petitioner attached the opinions and orders

from his second post-conviction motion for relief from judgment to his petition. In particular, the Wayne County Circuit Court opinion denying the post-conviction motion contains all of the relevant dates concerning the history of Petitioner's direct appeals and previous post-conviction motions in the state courts. In addition, Petitioner's habeas application likewise contains the relevant history of his prior filings in the state courts. Because Petitioner has attached the relevant Rule 5 materials to his habeas petition which are necessary for the resolution of the motion for summary judgment, it is unnecessary for the court to compel Respondent to provide additional Rule 5 materials. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004). Moreover, because Petitioner does not quarrel with the state post-conviction court's recitation of the factual history of Petitioner's case and does not give the court any reasons why it would benefit from reviewing the additional Rule 5 materials in this case, it is unnecessary for the court to order additional Rule 5 materials in this case. *See Clark v. Waller,* 490 3d 551, 555-56 (6th Cir. 2007); *cert. den.* 128 S. Ct. 630 (2007).

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F. 3d 577, 601 (6th Cir. 2005). In this case, Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### B. The Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of

appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir.2002). In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901 (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997), *rev'd in part on other grounds*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition ... will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period.  *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

### III. CONCLUSION

IT IS ORDERED that Respondent's Motion for Summary Judgment [Dkt. # 10] is GRANTED and the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                                        S/Robert H. Cleland  
                                        ROBERT H. CLELAND  
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 10, 2008, by electronic and/or ordinary mail.

                                        S/Lisa Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522